UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE HASSAN and MEHDI HASSAN,

        Plaintiffs,

  v.

TODD A. GROSS, HARRISON L. BURGETT, and
BURGETT CCM,

        Defendants.

Case No. 12-10825
Honorable Julian Abele Cook, Jr.

ORDER

On January 24, 2012, the Plaintiffs, Michelle and Mehdi Hassan, filed a complaint in the Wayne County Circuit Court of Michigan, in which they proffered claims of negligence and a loss of consortium against the Defendants, Todd A. Gross, Harrison L. Burgett, and Burgett CCM. The complaint was thereafter removed to this Court on the basis of its diversity jurisdiction,[1] 28 U.S.C. § 1332. Currently pending before the Court is the Plaintiffs' joint motion for summary judgment on the issues of liability and comparative negligence. (ECF 12).

---

[1] Michelle and Mehdi Hassan are citizens of Michigan. Todd A. Gross and Harrison L. Burgett are citizens of Illinois. The title and ownership of Gross' motor vehicle is registered to another Defendant, Burgett CCM, which is a foreign corporation with its principal place of business in Indiana. It is also noteworthy that the Plaintiffs' contention that Gross was operating the Burgett CCM motor vehicle with the implied permission and authority of his employer while in the course of his employment was never challenged.  As such, the Court construed the Defendants' "silence" regarding this issue as an implied admission of the truthfulness of this allegation.

1

I.

On January 10, 2012 at approximately 4:20 in the afternoon, Michelle Hassan, while driving her car on Eureka Road in Romulus, Michigan, collided with another vehicle that was operated by one of the Defendants, Todd A. Gross. The impact of the collision resulted in physical injuries to the Plaintiff, Michelle Hassan, and the imposition of related injuries (i.e., loss of consortium) to her husband, Mehdi Hassan. In the complaint, the Plaintiffs attribute their respective injuries to the negligence of the Defendants, including Gross who had allegedly failed to stop at for an operative red light. However, the Defendants' version of the accident differs from the Plaintiffs' recollection of the incident, in that they maintain that Gross' entry into the Eureka Road intersection was with the green light.

II.

Initially, the Court notes that the Plaintiffs' currently pending motion incorrectly relies upon the Michigan Court Rules as the standard of review. Requests for the entry of a summary judgment in this federal court must be evaluated pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. The purpose of a summary judgment, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.

1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate only if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III.

At the outset, the Court notes that the Plaintiffs have not cited a single statute or referred to

3

any case law in their motion. Their legal argument consists of five short paragraphs of conclusory statements without any reference to a statute or some case law that would aid the Court. In their complaint, the Plaintiffs allege a claim of negligence. To establish a prima facie case of negligence, a plaintiff must prove (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) causation; and (4) damages. *Case v. Consumer's Power Co.*, 615 N.W.2d 17, 20 (Mich. 2000). The law in Michigan imposes a statutory duty upon all motorists to operate their vehicles at a careful and prudent speed in light of existing conditions. Mich. Comp. Laws § 257.627(1). Apart from any statutory duty, a driver owes a duty to other motorists and pedestrians to exercise ordinary and reasonable care and caution in the operation of his car. *Zarzecki v. Hatch*, 347 Mich. 138, 141 (1956).

      The Plaintiffs allege that Gross drove through a red light, thereby causing the collision and breaching the duty of reasonable care that he owed to Hassan. However, the facts relating to the cause of the collision is disputed by the parties. In support of the Plaintiffs' claim that the Defendants were negligent on January 10, 2012 when Gross drove through a red light, they have relied upon (1) his deposition testimony, (2) a police report, and (3) a letter which had been purportedly written by him. With respect to Gross' deposition testimony, he only states that the light was green for automotive traffic in his direction when he was approximately 150 feet away from the intersection. However, the color of this traffic light when he entered the intersection where the collision occurred is not clear from Gross' deposition. Furthermore, it is not clear from his deposition testimony as to who or what caused the accident. In summary, there are material questions of fact that preclude the entry of a summary judgment on the basis of the evidence in this record.

All evidence offered at this summary judgment stage must be admissible under the Federal Rules of Evidence. Fed. R. Civ. P. 56(c). With respect to the letter purportedly written by Gross, the Court notes that the letter is unsigned. While the Plaintiffs contend that the letter is from Gross, the Plaintiffs have not authenticated the letter to establish to the Court that it is from Gross. The Court cannot determine whether the letter would be inadmissible evidence under the federal rule against hearsay, Fed. R. Evid. 802, or admissible evidence as an opposing party's statement, Fed. R. Evid. 801(d)(2). However, even if the Court did treat this letter as admissible evidence, it does not state what or who caused the collision. Furthermore, questions of material fact regarding the traffic signal, the speed of the respective vehicles, and other factors relating to the cause of the collision remain.

The police report, which has been proffered by the Plaintiffs, suffers similar evidentiary problems. Inadmissible hearsay evidence cannot be considered. Fed. R. Evid. 802; *Hartsel v. Keys*, 87 F.3d 795, 803 (6th Cir. 1996), *cert denied*, 519 U.S. 1055 (1997). Although the police report may, arguably, be considered under the business records exception, Fed. R. Evid. 803(6), the Plaintiffs have not undertaken any of the steps that would be necessary to authenticate the document or prove its admissibility under such an exception. Further, even if the Court does consider the police report, genuine issues of material fact regarding the collision remain.

For the reasons that have been discussed and evaluated above, the Plaintiffs' motion for the entry of a summary judgment must be denied. (ECF 12).

IT IS SO ORDERED.

Date: May 2, 2013                                         s/Julian Abele Cook, Jr.
                                                          JULIAN ABELE COOK, JR.
                                                          U.S. District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 2, 2013.

s/ Kay Doaks
Case Manager